**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| NURLANBEK KARIMZHANOV, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03318-MBB |
| | ) | |
| JIM ARNOTT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Before the Court is Petitioner Nurlanbek Karimzhanov's Emergency Motion for a Temporary Restraining Order and a Preliminary Injunction. (**Doc. 2**). The motion is DENIED.

## **Background**

Petitioner, a Russian citizen, entered the United States on December 24, 2022. (*Id.* at p. 4). DHS issued Petitioner an Order of Release on Recognizance (Form I-220A). (*Id.*). He also filed an Application for Asylum (Form I-589). (*Id.*). He was granted employment authorization. (*Id.* at p. 2).

On May 29, 2026, ICE detained Petitioner when he reported to the Chicago Field Office. (*Id.* at p. 4). ICE transferred Petitioner to a detention facility in Indiana. (*Id.* at p. 5). Petitioner is currently detained at the Greene County Jail in Springfield, Missouri. (*Id.*).

On June 3, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus. (**Doc. 1**). The petition contains five claims for relief. (*Id.*). Petitioner contemporaneously filed the present Emergency Motion for a Temporary Restraining Order and a Preliminary Injunction. (**Doc. 2**). The motion argues that his detention is unlawful because he should be detained under 8 U.S.C. § 1226(a) not 8 U.S.C. § 1225(b)(2)(A). (*Id.* at pp. 7-8). Petitioner also argues that his detention

violates procedural and substantive due process.  (*Id.* at pp. 8-9).  The motion asks the Court to order his immediate release, with conditions, from his immigration-related detention at the Greene County Jail.  (*Id.* at pp. 3, 11).  Alternatively, he asks the Court to grant him an "an individualized bond hearing before a neutral adjudicator (such as an Immigration Judge) within seven (7) days." (*Id.* at pp. 3, 11).  He also asks the Court to enjoin the Respondents from transferring him outside the Western District of Missouri while his Petition for a writ of habeas corpus is still pending.  (*Id.* at pp. 4, 11).

## Discussion

"A preliminary injunction is an extraordinary remedy never awarded as of right."  ***Winter v. Natural Res. Def. Council, Inc.***, 555 U.S. 7, 24 (2008).  A petitioner seeking preliminary relief must make a "clear showing that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  ***Starbucks Corp. v. McKinney***, 602 U.S. 339, 346 (2024).  "[T]he probability of success factor is the most significant."  ***Home Instead, Inc. v. Florance***, 721 F.3d 494, 497 (8th Cir. 2013).  But "[e]ven when a plaintiff has a strong claim on the merits, preliminary injunctive relief is improper absent a showing of a threat of irreparable harm."  ***Roudachevski v. All-American Care Centers, Inc.***, 648 F.3d 701, 706 (8th Cir. 2011).

**I.      Petitioner has not shown a likelihood of success on the merits.**

Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A).  His continued detention is not contrary to procedural or substantive due process.

**A.      Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A).**

Section 1225(b)(2)(A) says that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and

2

beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." **8 U.S.C. § 1225(b)(2)(A)**.

An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States." **8 U.S.C. § 1225(a)(1)**. "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made a lawful entry into the country." *Avila v. Bondi*, 170 F.4th 1128, 1133 (8th Cir. 2026). "Lawful status and admission . . . are distinct concepts in immigration law: Establishing one does not necessarily establish the other." *Sanchez v. Mayorkas*, 593 U.S. 409, 415 (2021).

If an alien is an "applicant for admission," he is also "seeking admission." *Avila*, 170 F.4th at 1134 (holding that "the structure of § 1225(b)(2)(A) does not indicate that 'seeking admission' is a separate requirement for detention under the statute"). Accordingly, "an alien 'seeks admission' under the statute simply by being 'present in the United States' while having 'not been admitted.'" *Id.* at 1135 (citation omitted).

Here, Petitioner is unlikely to succeed on the merits because he has not been lawfully 'admitted' into the United States. *See Avila*, 170 F.4th at 1133. Petitioner's physical presence in the United States, release on Form I-220A, pending asylum application, and employment authorization do not lawfully 'admit' him into the United States. *See Sanchez*, 593 U.S. at 415 (holding that an alien lawfully present in the United States had not been admitted). Petitioner does not even claim to be lawfully 'admitted.' He remains an "applicant for admission," "seeking admission" under § 1225(b)(2)(A).

**B.     Petitioner's continued detention does not violate procedural due process.**

In *Demore v. Kim*, 538 U.S. 510, 531 (2003), the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process. In *Baynee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024), the Eighth Circuit rejected the application

3

of the *Mathews v. Eldridge*, 424 U.S. 319 (1976), "multi-factor 'reasonableness' test" to a detained alien under 8 U.S.C. § 1226(c). The Eighth Circuit held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'" ***Id.***, *quoting **Demore***, 538 U.S. at 527. The Eighth Circuit reasoned that *Zadvydas* and *Demore* "have already done whatever balancing is necessary." ***Id.*** "[D]etention does not violate due process when 'deportation is still on the table' because 'what matters is that detention pending deportation has a definite termination point." ***Romero v. Brown***, 2026 WL 1021455, at *5 (S.D. Iowa Apr. 15, 2026), *quoting **Baynee***, 115 F.4th at 932-33.

Petitioner admits that he is being detained pending removal proceedings. As discussed, Petitioner is properly detained under § 1225(b)(2)(A). Like the statute in *Demore*, § 1225(b)(2)(A) requires detention pending removal proceedings. So long as the removal proceedings are pending, procedural due process is satisfied. *See **Baynee***, 115 F.4th at 932 (noting that the Supreme Court has upheld detention without bond pending removal "simply by reference to the legislative scheme"). *See also **Department of Homeland Sec. v. Thuraissigiam***, 591 U.S. 103, 140 (2020) (holding that an "applicant for admission" under Section 1225 "has only those rights regarding admission that Congress has provided by statute"). Petitioner is unlikely to succeed on the merits of his procedural due process claim. ***Demore***, 538 U.S. at 523-26 (holding that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings").

### C. Petitioner's continued detention does not violate substantive due process.

Substantive due process "forbids the government to infringe certain fundamental liberty interests *at all*, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." ***Reno v. Flores***, 507 U.S. 292, 302 (1993) (emphasis in original) (internal quotation marks omitted). Fundamental liberty interests "are, objectively, deeply rooted

4

in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." ***Minnesota Deer Farmers Ass'n v. Strommen***, 146 F.4th 664, 670 (8th Cir. 2025) (internal quotation marks omitted). If a liberty interest is not fundamental, statutory regulation of the interest must only be "rationally related to legitimate government interests" to pass constitutional muster. *See **Washington v. Glucksberg***, 521 U.S. 702, 728 (1997). *See also **Minnesota Deer Farmers***, 146 F.4th at 670 ("The fact that a right is acknowledged to be a liberty covered by the Due Process Clause does not automatically render that right 'fundamental' such that any statutory regulation of that right must be subjected to the highest constitutional scrutiny."). A petitioner must provide a "careful description of the asserted fundamental liberty interest." ***Glucksberg***, 521 U.S. at 721.

First, Petitioner has failed to carefully describe the fundamental liberty interest at stake. Second, Petitioner, as a removable alien, has no fundamental liberty interest in his immediate release or a bond hearing pending deportation proceedings. Such rights are not "deeply rooted in this Nation's history and tradition." *See **Minnesota Deer Farmers***, 146 F.4th at 670; ***Demore***, 538 U.S. at 523 n.7 ("In fact, prior to 1907 there was no provision permitting bail for *any* aliens during the pendency of their deportation proceedings.") (emphasis in original); ***Romero***, 2026 WL 1021455, at *7 ("The right he actually asserts—release into the country without lawful admission pending removal—is not deeply rooted in this Nation's history and tradition.") (internal quotation marks omitted). Petitioner's detention is rationally related to the legitimate government interest of "increasing the chance that, if ordered removed, [Petitioner] will be successfully removed." *See **Demore***, 538 U.S. at 528.

**II.      Petitioner's speculative claim that he may be transferred is insufficient to establish irreparable harm.**

"To succeed in demonstrating a threat of irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." ***Roudachevski***, 648 F.3d at 706 (internal quotation marks omitted).  "Speculative harm does not support a preliminary injunction." ***S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.***, 696 F.3d 771, 779 (8th Cir. 2012).

Petitioner does not present any evidence the Respondents are likely to—let alone certainly will—move his place of detention outside the Western District of Missouri.  *See* ***Roudachevski***, 648 F.3d at 706.  That alleged harm is speculative and not enough.  *See* ***S.J.W.***, 696 F.3d at 779.  Petitioner is lawfully detained pending deportation proceedings.  He has not demonstrated that he is likely to suffer irreparable harm absent emergency relief.  The Court denies his request to enjoin the Respondents from transferring him.

### Conclusion

The Court DENIES Petitioner's Emergency Motion for a Temporary Restraining Order and a Preliminary Injunction.  He has not shown a likelihood of success on the merits of his claims that his detention is contrary to statute and due process.    He only speculates that Respondents will transfer him outside the Western District of Missouri.  The Court need not address the remaining factors for preliminary relief on these claims.  *See* ***Oglala Sioux Tribe v. C & W Enterprises, Inc.***, 542 F.3d 224, 233 (8th Cir. 2008) (concluding it is unnecessary to address the remaining factors when the plaintiff fails to show a likelihood of success on the merits); ***Denali Summit, LLC v. Union Elec. Co.***, 158 F.4th 896, 900 (8th Cir. 2025) ("Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction").

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: June 10, 2026