**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| NURLANBEK KARIMZHANOV, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03318-MBB |
| | ) | |
| JIM ARNOTT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

Nurlanbek Karimzhanov seeks release from immigration-related detention. He filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). (**Doc. 1**). He argues his release on parole in 2022 provides "constitutional and statutory significance." (**Doc. 10**, p.2). The Court DENIES the Petition because Petitioner's detention is neither contrary to statute nor unconstitutional.

### Background

Petitioner is detained at the Greene County Jail in Springfield, Missouri. (**Doc. 1**, p. 3). He is a Russian citizen who illegally entered the United States on December 24, 2022. (***Id.*** at pp. 2, 6). The same day, DHS paroled him on Form I-94 under 8 U.S.C. § 1182(d)(5) until February 22, 2023. (**Doc. 10**, pp. 1-2; **Doc. 1-1**). Petitioner recognizes that grant of parole has expired. (**Doc. 10**, p. 2). DHS granted Petitioner employment authorization in 2025. (**Doc 1-1**). Petitioner also filed an Application for Asylum and for Withholding of Removal, Form I-589. (**Doc. 1**, p. 3; **Doc. 1-5**). DHS issued a Notice to Appear to Petitioner, commencing removal proceedings against him. (**Doc. 1**, p. 2; **Doc. 1-3**). When Petitioner reported to the ICE Chicago Field Office on May

29, 2026, he was detained.  (**Doc. 1**, p. 3).  He was transferred to Indiana, then to the Greene County Jail.  (***Id.***).

Petitioner argues 8 U.S.C. § 1226(a) not § 1225(b)(2)(A) governs his detention.  (***Id.*** at p. 16; **Doc. 10**, p. 2).  He argues the Respondents have violated his procedural due process rights by: (1) re-detaining him after being paroled and released; and (2) re-detaining him under Section 1225(b)(2)(A) instead of 8 U.S.C. § 1226(a).  (**Doc. 1**, pp. 12, 14-15; **Doc. 10**, pp. 5-9, 12-13).  And he argues his immigration-related detention is contrary to substantive due process.  (**Doc. 1**, pp. 15-16).  He asks the Court to release him or provide him with a bond hearing.  (***Id.***).

### Discussion

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention.  *See **Zadvydas v. Davis***, 533 U.S. 678, 687 (2001).  *See also **Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention).  But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful."  ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025)*; **Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner has not demonstrated his detention is contrary to statute or unconstitutional.

### I. Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A).

Section 1225(b)(2)(A) states: "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."  **8 U.S.C. § 1225(b)(2)(A)**.  An "applicant for admission" is "[a]n alien present

2

in the United States who has not been admitted or who arrives in the United States." **8 U.S.C. §**
**1225(a)(1)**.  "Being 'admitted' does not merely mean being present in the United States; under
immigration law, it signifies having made a lawful entry into the country."  *Avila v. Bondi*, 170
F.4th 1128, 1133 (8th Cir. 2026).  "An alien who is paroled under section 1182(d)(5) of this title .
. . shall not be considered to have been admitted."  **8 U.S.C. § 1101(a)(13)(B)**.  *See also* **8 U.S.C.**
**§ 1182(d)(5)** (parole of an alien under § 1182(d)(5) "shall not be regarded as an admission of the
alien").  If an alien is an "applicant for admission," he is also "seeking admission."  *Avila*, 170
F.4th at 1134 (holding that "the structure of § 1225(b)(2)(A) does not indicate that 'seeking
admission' is a separate requirement for detention under the statute").  Accordingly, "an alien
'seeks admission' under the statute simply by being 'present in the United States' while having
'not been admitted.'"  *Id.* at 1135 (citation omitted).

Here, Petitioner has not been lawfully 'admitted' into the United States.  *See Avila*, 170
F.4th at 1133.  His physical presence in the United States, pending asylum application, and
employment authorization do not lawfully 'admit' him.  *See Sanchez*, 593 U.S. at 415 (holding
that an alien lawfully present in the United States had not been admitted).  Petitioner's release on
Form I-94 under 8 U.S.C. § 1182(d)(5) does not constitute admission.  *See* **U.S.C. § 1182(d)(5)**; **8**
**U.S.C. § 1101(a)(13)(B)**.  Petitioner does not even claim to be lawfully 'admitted.'  He remains
an "applicant for admission," "seeking admission" under § 1225(b)(2)(A).  His detention is
authorized under that Section.

**II.	Petitioner's continued detention does not violate procedural due process.**

In *Demore v. Kim*, 538 U.S. 510, 531 (2003), the Supreme Court held that detention of a
deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process.  In
*Baynee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024), the Eighth Circuit rejected the application
of the *Mathews v. Eldridge*, 424 U.S. 319 (1976), "multi-factor 'reasonableness' test" to a detained

alien under 8 U.S.C. § 1226(c). The Eighth Circuit held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'" *Id.*, *quoting* **Demore**, 538 U.S. at 527. The Eighth Circuit reasoned that *Zadvydas* and *Demore* "have already done whatever balancing is necessary." *Id.* "[D]etention does not violate due process when 'deportation is still on the table' because 'what matters is that detention pending deportation has a definite termination point.'" **Romero v. Brown**, 2026 WL 1021455, at \*5 (S.D. Iowa Apr. 15, 2026), *quoting* **Baynee**, 115 F.4th at 932-33.

Here, Petitioner is detained pending removal proceedings. As discussed, Petitioner's detention is statutorily authorized under § 1225(b)(2)(A). Like the statute in *Demore*, § 1225(b)(2)(A) requires detention pending removal proceedings. So long as the removal proceedings are pending, procedural due process is satisfied. *See* **Demore**, 538 U.S. at 523-26 (holding that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings"). It is also satisfied by simple reference to the legislative scheme. *See* **Baynee**, 115 F.4th at 932 (noting the Supreme Court has upheld detention without bond pending removal "simply by reference to the legislative scheme"). *See also* **Department of Homeland Sec. v. Thuraissigiam**, 591 U.S. 103, 140 (2020) (holding that an "applicant for admission" under Section 1225 "has only those rights regarding admission that Congress has provided by statute").

Petitioner's argument re-detention after his release on parole under § 1182(d)(5) without notice or hearing violates procedural due process is unpersuasive. While it is true freedom from imprisonment "lies at the heart of the liberty [the due process clause] protects." **Zadvydas**, 533 U.S. at 690. "Congress may make rules as to aliens that would be unacceptable if applied to citizens." **Demore**, 538 U.S. at 522. Defendant illegally entered the United States and has never

4

been lawfully admitted.  His parole expired February 22, 2023.  DHS initiated removal proceedings against him.  While those proceedings are pending, procedural due process is satisfied.  *Id.* at 523-26.

### III.    Petitioner's continued detention does not violate substantive due process.

Substantive due process "forbids the government to infringe certain fundamental liberty interests *at all*, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest."  **Reno v. Flores**, 507 U.S. 292, 302 (1993) (emphasis in original) (internal quotation marks omitted).  Fundamental liberty interests "are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed."  **Minnesota Deer Farmers Ass'n v. Strommen**, 146 F.4th 664, 670 (8th Cir. 2025) (internal quotation marks omitted).  If a liberty interest is not fundamental, statutory regulation of the interest must only be "rationally related to legitimate government interests" to pass constitutional muster.  *See* **Washington v. Glucksberg**, 521 U.S. 702, 728 (1997).  A petitioner must provide a "careful description of the asserted fundamental liberty interest."  **Glucksberg**, 521 U.S. at 721.

Petitioner alleges a fundamental interest in "continued liberty" following DHS's determination to release him on parole in December 2022.  (**Doc. 10**, pp. 5-6).  Petitioner does not claim that interest is deeply rooted in this Nation's history and tradition.  *See* (**Doc. 10**, pp. 1-14).  Indeed, Petitioner, as a removable alien, has no fundamental liberty interest in his immediate release or a bond hearing.  Such rights are not "deeply rooted in this Nation's history and tradition."  *See* **Minnesota Deer Farmers**, 146 F.4th at 670; **Demore**, 538 U.S. at 523 n.7 ("In fact, prior to 1907 there was no provision permitting bail for *any* aliens during the pendency of their deportation proceedings.") (emphasis in original); **Romero**, 2026 WL 1021455, at *7 ("The right he actually asserts—release into the country without lawful admission pending removal—is not deeply rooted

5

in this Nation's history and tradition.") (internal quotation marks omitted).  Petitioner's detention is rationally related to the legitimate government interest of "increasing the chance that, if ordered removed, [Petitioner] will be successfully removed."  *See **Demore***, 538 U.S. at 528.  There is no substantive due process violation "as-applied" to Petitioner.  *See* (**Doc. 10**, p. 3, 9-11).

### Conclusion

The Petition for a Writ of Habeas Corpus is DENIED.  Petitioner has not demonstrated he is entitled to the relief sought.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: June 29, 2026